FIFTH DISTRICT COURT OF BERGEN COUNTY.

CHARLES GRABER, PLAINTIFF, v. GEORGE H. CORMACK AND MARY CORMACK, DEFENDANTS.

For the plaintiff, *Charles Schmidt.*

For the defendant, *John J. Francis.*

LOSCHE, J. This is an action to recover damages for personal injuries sustained on April 24th, 1929, when an automobile operated by the defendant, George H. Cormack, in which plaintiff was riding, tipped over. The case was tried without a jury.

I have no difficulty in concluding that defendant, George H. Cormack, was operating the automobile, a six cylinder 1926 Packard sedan, on business of his own, relieving defendant, Mary Cormack, the owner of the automobile of liability. *Doran* v. *Thomsen,* 76 *N. J. L.* 754. Nor have I any difficulty in finding that plaintiff was invited by defendant, George H. Cormack, to ride from East Rutherford to Hackensack with him and plaintiff's two friends, Schmidt and Scott, subjecting defendant to the rule stated in *Paiewonsky* v. *Joffe,* 101 *N. J. L.* 521, 523.

The difficulty arises by reason of plaintiff's testimony as to how the accident happened. He testified that defendant, George H. Cormack, was driving at a speed of about twenty to twenty-five miles per hour in a northerly direction on Terrace avenue in Hasbrouck Heights; that a green traffic

light at Williams avenue permitted him to cross that thoroughfare without stopping; that a short distance north of Williams avenue, on the easterly side of Terrace avenue, there was a parked car which defendant proceeded to pass, swinging to his left and, after passing it, back to his right; that just as defendant had passed the parked car and was still swinging to his right, a car in the rear signaled its intention to pass, which it did, cutting in front of defendant so sharply as to require him to swing more definitely to the right; that then defendant turned to the left again to resume his course and had practically stopped when the car tipped over causing plaintiff's injuries; that at no time did plaintiff see a car approaching from the opposite direction.

I cannot conceive of this automobile tipping over under such circumstances, bearing in mind that it carried four men. Plaintiff's testimony presented no plausible explanation of the accident. Certainly, he provided little basis for charging defendant with negligence. He favored his adversary more than a party ordinarily does. It is, of course, unusual that one's testimony should tend to defeat the very action which he has instituted. However, as other witnesses testified, it became apparent that plaintiff was mistaken in his version of the occurrence. His manifest lack of intelligence and inability to remember afforded me ample explanation for his mistake.

Plaintiff's two witnesses, Schmidt and Scott, gave straightforward and unimpeached testimony to the effect that defendant George H. Cormack was driving his car at a speed of from forty to forty-four miles per hour; that he was asked to slow down; that he swerved left and right to pass the parked car; that just after he had passed the parked car, a car in the rear signaled its intention to pass; that at that time a truck was approaching from the opposite direction; that upon hearing said signal, defendant increased his speed and at the same time turned his car left again to resume his course; that the excessive speed of the car in connection with defendant's efforts to right its direction caused the mishap.

Defendant George H. Cormack testified that he might have been going as fast as twenty-five, twenty-eight or thirty miles per hour but that when the car tipped over he had practically stopped; that he could give no explanation of the cause for the tipping except that there was a hole in the road. He did not give its size, its location in the road, nor did he state that any of the car's wheels entered it. No other witnesses testified to its presence. Granting that there was a hole, it must have been a sizable one to have caused this car, carrying four men, when practically stopped to tip over. If it were a sizable one and, therefore, easily seen, defendant might very well be charged with negligence for not avoiding it or stopping entirely before reaching it. However, I cannot accept defendant's version of the occurrence either, because it, too, strikes me as improbable.

The Supreme Court of the United States in *Atlantic Works* v. *Brady,* 107 *U. S.* 192, said:

"The inherent probability or improbability of such a fact is to be tested by the unquestioned circumstances that surround the main transaction or occurrence, as well as by 'the ordinary laws that govern human conduct.' "

Applying this yardstick to the situation at hand, I cannot but conclude that the accident occurred as Schmidt and Scott said it did because their version is, certainly, the probable one.

I realize that to find as I do, I must not only discount defendant's testimony but also plaintiff's. Nothing short of a total disregard for my natural reactions would permit me to do otherwise. But, may a plaintiff recover despite himself? I am satisfied that he may. A party's testimony is received and judged like that of other witnesses. His testimony is received subject to the same rules of evidence. In fact, today a party is just another witness. A jury (the judge here) may disregard the testimony of any witness. Since, therefore, plaintiff is just another witness, I may conclude that he was honestly mistaken in his testimony.

These observations find support in some measure in the following excerpt from the opinion of the Court of Errors

and Appeals in *Schreiber* v. *Public Service Railway Co.,* 89 *N. J. L.* 183 (at *p.* 186):

"We think that no reason can be assigned which would put a *party* giving testimony in any other position *in this regard* than that of a *witness not a party;* and a jury might well conclude that a *party* has made a mistake as to a fact as well as any other *witness,* and, therefore, if upon the whole matter the jury is of opinion that the plaintiff or defendant has proved the case, then the verdict should be for that party, although it rests upon testimony contrary to that given by the party, and despite the fact that the party gave testimony which, standing alone, might preclude a recovery. The mistake of a plaintiff or defendant cannot change facts proved by other witnesses."

There will be judgment in favor of the plaintiff and against the defendant, George H. Cormack, and judgment in favor of the defendant, Mary Cormack, against the plaintiff.